UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIVIA M. SCOTTO, *et al.*,

    Plaintiffs,

v.                                          Case No. 8:16-cv-3379-T-23AEP

DR. CHARLES DEVINE, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiffs Livia M. Scotto, Angela M. Scotto, and Carmela A. Sciabama (collectively, "Plaintiffs") filed a Complaint in this matter against various doctors and entities for the following claims: medical malpractice, wrongful death, "vetinerary [*sic*] malpractice," medical negligence, accident damages, premise liability, unauthorized amputation of greyhound, strict liability, cause in fact, and absolute duty liability of failure to act in the standard of care (Doc. 1, at 1). Currently before the Court is Plaintiff Livia M. Scotto's ("Scotto") Affidavit of Indigency (Doc. 2), which the Court construes as a request to proceed *in forma pauperis*.[1]

---

[1] Parties may plead and conduct their cases either by counsel or personally, otherwise referred to as *pro se*. 28 U.S.C. 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel ...."). "The right to appear *pro se*, however, is limited to those parties conducting their own cases and does not apply to persons representing the interests of others." *Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012) (*per curiam*) (citation and internal quotation marks omitted); *see also U.S. ex rel. Stronstorff v. Blake Medical Center*, No. 8:01-CV-844-T23MSS, 2003 WL 21004734, at *1 (M.D. Fla. 2003) ("Axiomatically, a lay person is entitled to represent only himself, not any other person or entity."). Given that Scotto may only represent her interests in this action, she may not seek to proceed *in forma pauperis* on behalf of Angela M. Scotto or Carmela A. Sciabama. Though listed as named plaintiffs, neither Angela M. Scotto nor Carmela A. Sciabama filed an affidavit of indigency or other document seeking to proceed *in forma pauperis* in this action, however. As a result, Angela M. Scotto and Carmela A. Sciabama may each individually file requests to proceed *in forma pauperis* on her own behalf, pay the filing fee, or file a notice of voluntary dismissal.

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Leonard v. F.B.I.*, 405 F. App'x 386, 387 (11th Cir. 2010) (*per curiam*) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Namely, under this standard, dismissal for failure to state a claim is appropriate if the facts as pleaded fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, an action is frivolous where the allegations are "clearly baseless" or without an arguable basis either in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-29 (1989); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) ("A claim is frivolous if it is without arguable merit either in law or fact."). Accordingly, when a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are indisputably without merit, the court may conclude that a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*).

In reviewing a complaint, courts hold *pro se* pleadings to a less stringent standard and therefore construe the complaint more liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). Here, Plaintiffs'

Complaint lacks sufficient facts from which a cognizable federal cause of action can be inferred. Specifically, Plaintiffs filed a stack of incomprehensible documents which bear no relation to any federal causes of action, lack facts supporting any claims, and do not even provide any correlation among the documents filed.

Even construing Plaintiffs' "allegations" liberally, Plaintiffs' claims appear clearly baseless and without an arguable basis either in law or in fact, thereby rendering the allegations frivolous for purposes of 28 U.S.C. § 1915(e)(2).  *See Denton*, 504 U.S. at 31-32; *Bilal*, 251 F.3d at 1349; *cf. Williams v. St. Vincent Hosp.*, 258 F. App'x 293, 294 (11th Cir. 2007) (*per curiam*) (finding the district court did not abuse its discretion in dismissing the plaintiff's complaint as frivolous where the complaint presented a far-fetched scenario based on assertions of a massive conspiracy to monitor the plaintiff that was clearly baseless).  For example, her purported claims for veterinary malpractice and unauthorized amputation of a greyhound have neither a factual or legal basis and do not represent federal claims upon which any relief may be granted by this Court.  Moreover, the collection of documents filed by Plaintiffs does not establish the basis for the Court's jurisdiction, a short and plain statement showing that Plaintiffs are entitled to relief, or a demand for the relief sought, as mandated by Rule 8, Federal Rules of Civil Procedure.  Fed. R. Civ. P. 8(a)(1)-(3).  Furthermore, amendment would prove futile since it does not appear that Scotto could state a valid federal claim for relief that is plausible on its face if given an opportunity to amend.  *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.").  Indeed, Scotto previously attempted to assert baseless claims in a complaint filed October 17, 2016, and,

although Scotto received an opportunity to amend her complaint to correct noted deficiencies, she failed to do so, thereby leading to the dismissal of her case.[2] *See Scotto v. Smiesk, et al.,* Case No. 8:16-cv-2941-T-30JSS (M.D. Fla. filed Oct. 17, 2016).[3]   After consideration, therefore, it is hereby

RECOMMENDED:

1.  Plaintiff Livia M. Scotto's request to proceed *in forma pauperis* (Doc. 2) be denied.

2.  Plaintiffs' Complaint (Doc. 1) be dismissed as to Plaintiff Livia M. Scotto.

3.  The Court provide Plaintiffs Angela M. Scotto and Carmela A. Sciabama with thirty (30) days to proceed with one of the following: (1) each submit a request to proceed *in forma pauperis* on her own behalf; (2) pay the filing fee; or (3) file a notice of voluntary dismissal.  If Angela M. Scotto or Carmela A. Sciabama fail to comply within the allotted time, the Court dismiss the Complaint as to the non-complying individual.

IT IS SO REPORTED in Tampa, Florida, on this 22nd day of December, 2016.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

---

[2]  Notably, Scotto filed the instant Complaint on the day her other complaint was dismissed.

[3]  In that action, Scotto filed a Notice of Appeal on December 14, 2016, purportedly seeking to appeal the order granting leave for Scotto to amend her complaint to state a viable claim and appealing the subsequent order dismissing the case based upon Scotto's failure to file an amended complaint within the allotted time.  Scotto also sought leave to proceed *in forma pauperis* on appeal, but such request was denied on December 19, 2016, as the appeal was deemed not taken in good faith given Scotto's failure to file an amended complaint to cure the deficiencies identified by the Court.

5

**NOTICE TO PARTIES**

      A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.


cc:    Hon. Steven D. Merryday
        Plaintiffs, *pro se*