UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIVIA M. SCOTTO, et al.,

    Plaintiffs,

v.                                                                                  CASE NO. 8:16-cv-3379-T-23AEP

CHARLES DEVINE, et al.,

    Defendants.

_____/

**ORDER**

The magistrate judge recommends (Doc. 6) denying Livia M. Scotto's motion (Doc. 2) to proceed *in forma pauperis*; recommends dismissing Livia Scotto's complaint for failing to state a valid claim; and recommends allowing Angela M. Scotto and Carmela A. Sciabama thirty days either (1) to each submit a motion on her own behalf to proceed *in forma pauperis*, (2) to pay the filing fee, or (3) to voluntarily dismiss the action. More than fourteen days has passed, and no party objects. The report and recommendation (Doc. 6) is **ADOPTED IN PART**, and Livia Scotto's motion (Doc. 6) to proceed *in forma pauperis* is **DENIED**.

The complaint fails to state a claim upon which relief may be granted, and the allegations lack an arguable basis in fact and law. Although the plaintiffs almost certainly can allege no claim against the defendants, no later than **FEBRUARY 17, 2017**, the plaintiffs must amend the complaint and either pay the

filing fee or move to proceed *in forma pauperis*. Failure to comply with this order will result in dismissal of the action without further notice. In preparing the amended complaint the plaintiffs must comply with Rules 8, 9, 10, and 12, Federal Rules of Civil Procedure and the Local Rules.

For example, Rule 8, Federal Rules of Civil Procedure states that a complaint must include: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Rule 10 states that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as is practicable to a single set of circumstances . . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." The plaintiffs must identify to which particular defendant each separate count applies.

The plaintiffs are warned that litigation in federal court is difficult. The complaint is mostly incomprehensible and suffers from acute deficiencies that suggest the plaintiffs require legal advice and assistance from a member of The Florida Bar. The court cannot assist a party, even a *pro se* party, in conducting a case.

ORDERED in Tampa, Florida, on February 7, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE